# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES,**

    **Plaintiff,**

:

v.

**Case No. 2:20-CR-93**
**Judge Sarah D. Morrison**

**TIMOTHY J. HOEPF,**

:

    **Defendant.**

## OPINION AND ORDER

This case presents the question of what the proper remedy is when a defendant's competency restoration commitment exceeds the four-month limit set forth in 18 U.S.C. § 4241(d). For the reasons that follow, the Court determines that the defendant's remedy is either the commencement of commitment proceedings under 18 U.S.C. § 4246 or dismissal of the charges against him.

## I. BACKGROUND

Defendant's motion is predicated on timeliness. The following chronology is therefore instructive:

- June 18, 2020: Defendant indicted for threatening to assault federal officers in violation of 18 U.S.C. §§ 115(a)(1)(B) and (b)(4). (ECF No. 2.)

- June 28, 2020: Defendant arrested. (ECF No. 14.)

- July 1, 2020: Federal Public Defender Attorney George Chaney appointed to represent Defendant. (ECF Nos. 7, 10.)

1

- July 6, 2020: Defendant pleaded not guilty and was ordered detained pending trial. (ECF Nos. 12–13.) Mr. Hoepf was detained because the Magistrate Judge found, *inter alia*, that he was a danger to the safety of others, he had a history of violence or use of weapons, and the weight of evidence against him was strong. (ECF No. 13.)
- July 23, 2020: Attorney Chaney filed a Motion to Withdraw. (ECF No. 15.) After a hearing, the Court granted the motion and appointed Attorney Diane Menashe to represent Defendant. (ECF Nos. 15, 17–18.)
- August 3, 2020: Attorney Diane Menashe filed a Motion to Withdraw. (ECF No. 20.)
- September 21, 2020: After a hearing, the Court granted Attorney Menashe's motion and found "reasonable cause to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to fully understand the nature and consequences of the proceedings against him or to assist properly in his defense" under 18 U.S.C. § 4241(a). (ECF No. 26, PageID 48.) The Court ordered Defendant committed to the Attorney General's custody for evaluation. (*Id.*, PageID 49.)
- September 24, 2020: Attorney Kevin Durkin was appointed to represent Defendant. (*Notation Order*.)

- November 24, 2020: The Bureau of Prisons requested and received additional time to complete Mr. Hoepf's evaluation. (ECF Nos. 35–36.)
- February 23, 2021: Competency to Stand Trial Evaluation filed with the Court. (ECF No. 46.)
- April 21, 2021: Competency hearing. (ECF No. 57.)
- May 5, 2021: The Court determined that Mr. Hoepf was suffering a mental disease rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Accordingly, the Court issued an Order under 18 U.S.C. § 4241(d)(1) requiring Defendant's committal to the Attorney General's custody for a period not to exceed four months to determine whether competency can be restored. (ECF No. 59, PageID 222–23.)
- August 3, 2021 and September 21, 2021: The Court held status conferences with counsel. (ECF Nos. 63, 65.)
- October 21, 2021: Defendant arrived at treatment facility. (ECF No. 70, PageID 245.)
- February 23, 2022: Defendant's Motion to Release and Dismiss the Indictment filed. (ECF No. 68.)
- March 14, 2022: Following the Court's inquiry, the Marshal's Office informed the undersigned that Mr. Hoepf's study order has been completed and that the Court should be receiving his completed report

"shortly." However, as of the date of this Opinion and Order, the Court has not received any report regarding whether or not Mr. Hoepf has been or can be restored to competency.

## II. DISCUSSION

Defendant argues that he must be released and the Indictment dismissed because the four-month time period allowed for restoration of competency determinations under 18 U.S.C. § 4241(d) has passed without a finding by the Court under § 4241(d)(2)(A) that there is a substantial probability his competency can be restored with additional reasonable time. (ECF No. 68, Mot., PageID 242.) Defendant contends the authority to detain him has lapsed. (*Id.*, PageID 242–43.) The Government concedes that the four-month limitation expired, asks for more time, and argues that there is no authority holding that dismissal is proper. (ECF No. 70, Resp., PageID 248–55.)

Federal law specifies that, after a court has determined that a defendant is mentally incompetent under 18 U.S.C. § 4241(d), the individual is committed to the custody of the Attorney General. The Attorney General is required to hospitalize the defendant for treatment:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and
>
> (2) for an additional reasonable period of time until—
>
>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within

4

> such additional period of time he will attain the capacity to permit the proceedings to go forward; or
>
> (B) the pending charges against him are disposed of according to law; whichever is earlier.

18 U.S.C. § 4241(d). Thus, the maximum period for treatment is four months, though there are two exceptions. First, § 4241(d)(2)(A) allows for a "reasonable" extension of time if the Court finds a substantial probability of competency restoration. Second, 18 U.S.C. § 4246(a) allows for additional time if a commitment proceeding is instituted; a commitment proceeding is begun when the director of the assigned mental health facility certifies that the Defendant "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another, and that suitable arrangements for State custody and care of the person are not available . . ."

Here, no one has instituted commitment proceedings against Mr. Hoepf under § 4246. That leaves § 4241(d)(2)(A) as the only possible grounds for an extension of the four-month period for treatment of Mr. Hoepf.

In this regard, the Sixth Circuit directs that § 4241(d) "requires that a determination as to the individual's mental condition be made within four months, and that the individual cannot be held pursuant to section 4241 in excess of four months *unless* the court finds that the individual is likely to attain competency within a reasonable time." *U.S. v. Baker*, 807 F.2d 1315, 1320 (6th Cir. 1986) (emphasis added). Consequently, Mr. Hoepf's treatment cannot be extended under §

5

4241(d)(2)(A) because the Court has not found that he is likely to attain competency within a reasonable time.

The Government recognizes this and belatedly asks the Court to so find for two reasons. First, it argues that the delay was "harmless error" because Mr. Hoepf "was already in prison before he was committed and would return to prison after being released from the mental institution." (Resp., PageID 252.) Second, according to the Government, there is an "apparent likelihood of Hoepf being rendered competent" so the Court should order Defendant's commitment extended. (*Id.*, PageID 249, 254.) Neither of these arguments are successful.

The Government's "harmless error" argument fails because, but for the commitment and the Government's failure to abide by the deadline, Defendant would have gone to trial much earlier or would have had § 4246 commitment proceedings begun. *See, e.g., U.S. v. Carter*, No. 19-CR-261 (DLF), 2022 WL 483636, at *8 (D.D.C. Jan. 27, 2022). In *Carter*, like here, more than four months passed without resolution of whether the defendant could be restored to competency. That court recognized that, even though Mr. Carter would likely have remained in pretrial detention without the § 4241(d) evaluation, the Government's delay prevented the court from taking the steps necessary "to bring this case any closer to either trial or civil commitment" and therefore "substantially increased" the time that Mr. Carter would be in pretrial detention. *Id*. The Sixth Circuit has similarly recognized that unlawful detention in any capacity is never harmless. "The civil commitment of an individual into a mental hospital is a significant deprivation of

6

liberty, particularly when that commitment is of indefinite duration . . . ." *Baker*, 807 F.2d at 1321; *see also J.H. v. Williamson Cty.*, 951 F.3d 709, 717 (6th Cir. 2020) (A pretrial detainee can demonstrate that he has been unconstitutionally "punished" under the Fifth Amendment by showing intentional punishment or "by showing that a restriction or condition is … excessive in relation to that purpose."). The Court concludes that the delay with regard to Mr. Hoepf's commitment is not harmless.

The "apparent likelihood" argument fares no better. Initially, the Government fails to provide any evidence or basis for its assertion that there is an "apparent likelihood of Hoepf being rendered competent to stand trial." (Resp., PageID 249.) But even if the Government had provided evidence in support of its assertion, the mere existence of an "apparent likelihood" is not a "substantial probability that [in the foreseeable future] he will attain the capacity to permit the proceedings to go forward" as required by the statute. An "apparent likelihood" is an insufficient ground for extension of time under § 4241 and the relevant case law.

Mr. Hoepf's confinement has exceeded four months and has not been extended. Accordingly, the Court has "no authority" to continue Defendant's confinement, and the question becomes what remedy should be ordered. *Baker*, 807 F.2d at 1325.

Despite the Government's assertion that the Court is powerless to dismiss the Indictment, the Sixth Circuit and at least one District Court have recognized two options. In *Carter*, the District Court for the District of Columbia was faced

7

with the same question before this Court – what should happen after § 4241(d)'s time limitation is exceeded. *Carter*, 2022 WL 483636, at *7. And, after recognizing that "the plain text of section 4241(d)(1) does not prescribe a remedy for violating its terms," the Court concluded that "the most natural remedy for a violation of § 4241(d)(1) is … either commencing civil commitment proceedings or dismissing the defendant's indictment." *Id*. The basis for the *Carter* court's conclusion was two-fold: first, Congress enacted § 4241(d)(1) in response to the Supreme Court decision in *Jackson v. Indiana*, 406 U.S. 715 (1972), and this was the remedy contemplated by *Jackson*. *Id*. Second, this remedy is consistent with the text of §4241(d): reading §4241(d) in tandem with § 4246 "suggests that exceeding that time period requires the end of criminal proceedings." *Id*. As the *Carter* court found, to hold otherwise "would create a substantial hole in th[e] statutory scheme" and deprive defendants of any recourse against indefinite delays. *Id*. at *6.

The *Carter* court's remedy is consistent with Sixth Circuit precedent. In *Baker*, the court recognized that 18 U.S.C. § 4241(d) requires that a defendant's mental condition be determined within four months, and that a defendant cannot be held in excess of that time unless the court finds that he is likely to attain competency within a "reasonable" time. *Baker*, 807 F.2d at 1320. Like Mr. Hoepf, the *Baker* defendant was confined longer than four months without any action taken to extend his commitment. *Id*. That meant that "there was no authority to confine [Mr. Baker] beyond the statutorily authorized four months." *Id*. at 1325. However, the Sixth Circuit stopped short of ordering that the defendant be released

8

in that case because, after the case has been appealed, the director of the mental health facility filed a § 4246 certificate with the clerk of court in the district in which the defendant was confined, and such filing stayed the defendant's release pending commitment proceedings. *Id*. Thus, the Sixth Circuit recognized that the release of the defendant would be appropriate when § 4241(d)'s temporal limitation was violated unless commitment proceedings are instituted.

Here, 18 U.S.C. § 4241(d) was violated, no extensions were granted, and no § 4246 commitment proceedings have been initiated. The Court therefore **ORDERS** that the Government either pursue commitment proceedings or dismiss Mr. Hoepf's Indictment.

The Court is concerned about releasing Defendant given its previous incompetency determination. However, Mr. Hoepf's competency restoration term has now lasted more than twice the four-month limit set forth in 18 U.S.C. § 4241(d). The Government did not complete the required review within the allotted period of time, nor did it move for a § 4241(d)(2)(A) extension prior to or at the time of the expiration of the statutory four-month period. Defendant, for his part, did not seek dismissal under the Speedy Trial Act, 18 U.S.C. § 3161, or pursue habeas proceedings.[1] These omissions forced the instant result.

---

[1] *But see Carter*, 2022 WL 483636, at *7, n.3 (finding no practical difference between ordering the defendant's release under habeas or dismissing the indictment for a § 4241(d) violation).

### III. CONCLUSION

The Motion to Release Timothy Hoepf and to Dismiss the Indictment (ECF No. 68) is **GRANTED**. The Court **ORDERS** that the Government either pursue commitment proceedings or dismiss Mr. Hoepf's Indictment.

This Opinion and Order will be held in abeyance for no more than 10 days to allow the Government to determine how it will proceed.

**IT IS SO ORDERED**.

> s/Sarah D. Morrison
> **SARAH D. MORRISON**
> **UNITED STATES DISTRICT JUDGE**